UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO,<br><br>Plaintiff,<br><br>v.<br><br>BAKERSFIELD RESCUE MISSION,<br><br>Defendant. | No. 2:19-cv-00766 JAM CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On May 16, 2019, the court granted plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3 at 2.) The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court determined that "plaintiff's brief and conclusory allegations do not state a federal claim against any defendant." (ECF No. 3 at 1.)

Therefore, plaintiff was ordered to show cause in writing within fourteen days of May 16, 2019 "why this action should not be dismissed for lack of subject matter jurisdiction." (ECF No. 3 at 2.) The deadline having passed, plaintiff has failed to respond.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) ( "the district court had a duty to

establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Additionally, as a pro se plaintiff, plaintiff is expected to comply with the Federal Rules of Civil Procedure and orders of the court. See E.D. Cal. L.R. 110, 183(a) A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte . . . for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders").

Here, plaintiff's complaint fails to state a federal claim and plaintiff failed to respond to the court's order to show cause why this action should not be dismissed. Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction and plaintiff's failure to prosecute the case.
2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 17, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/bobo0766.f&r no juris